IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN NATHANIEL SNOWBALL, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT <br><br><br> Case No. 2:10-CR-1130 TS |

This matter is before the Court on Defendant's Motion to Amend Judgment.[1] Defendant asks the Court to amend the judgment to recommend that he serve the remainder of his sentence in the Bureau of Prisons ("BOP") facility in Petersburg, Virginia. For the reasons discussed below, the Court will deny the Motion to Amend, but will recommend in this Order that Defendant be placed in the Petersburg, Virginia facility.

I. BACKGROUND

Defendant was named in a two-count Indictment on December 22, 2010. Defendant pleaded guilty to count two on August 18, 2011. On March 13, 2012, Defendant was sentenced

---

[1]Docket No. 43.

1

to 120 months in BOP custody with a term of "life" supervised release to follow. In its judgment, this Court recommended that Defendant be designated to a Federal Medical Facility and that he participate in the RDAP program. On April 4, 2012, the Court received correspondence from the BOP indicating that because of Defendant's medical classification the BOP was unable to follow all of the Court's recommendations.[2] Accordingly, the BOP indicated that Defendant "has been designated to the medium security level facility in Petersburg, Virginia, where appropriate medical and mental health services are available."[3]

Defendant now moves to amend the judgment to include a recommendation that he serve the remainder of his sentence in the Petersburg, Virginia facility, to facilitate family visitation and because that facility has a good sex offender program.

## II.  DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[4] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[5] or Federal Rule of Criminal Procedure 36.

---

[2]*See* Docket No. 42.

[3]*Id.* at 1.

[4]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[5]*See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[6]

> A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[7]

Section 3582(c) does not apply to this case. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion after the fourteen-day period set out in Rule 35(a), the provision is inapplicable.[8] Further, Defendant does not point to any arithmetical, technical, or other clear error in his sentence. Rule 35(b) provides for a reduction upon motion of the Government. Here, there is no motion by the Government, though the Government has not filed an opposition to Defendant's Motion. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in

---

[6]*United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[7]*Id*. at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[8]*United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

the record arising from oversight or omission." There is no such error here, therefore, Rule 36 is inapplicable.

Though the Court cannot amend the judgment as requested, the Court will make the recommendation to the BOP that Defendant serve the remainder of his sentence at the Petersburg, Virginia facility. The Court notes, however, that this recommendation is not binding on the BOP and it is the BOP that has the ultimate authority to determine where Defendant serves his sentence.[9]

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Amend Judgment (Docket No. 43) is DENIED. However, the Court will recommend to the BOP that Plaintiff serve the remainder of his sentence at the Petersburg, Virginia facility. Defendant is directed to provide a copy of this order to the Bureau of Prisons.

DATED   July 23, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9] 18 U.S.C. § 3621(b).